IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50839
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NATHANIEL MCCLAINE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CR-157-ALL
- - - - - - - - - -

April 15, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:*

    Nathaniel McClaine appeals the district court's amended
criminal judgment following resentencing for possession with
intent to distribute cocaine base within 1,000 feet of a school.
McClaine was resentenced after his conviction for using or
carrying a firearm during and in relation to a drug trafficking
offense was vacated under 28 U.S.C. § 2255 in light of Bailey v.
United States, 516 U.S. 137, 144-45 (1995).

    The PSR and the testimony at trial established that law

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enforcement officers found McClaine sleeping on a couch in the living room, found a loaded .22 caliber pistol in plain view on the armrest of the same couch, and found cocaine base and cash in the apartment in close proximity to the weapon.  The district court did not err by increasing McClaine's base offense level two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a weapon.  See United States v. Hare, 150 F.3d 419, 425 (5th Cir. 1998).

McClaine's total original sentence was greater than McClaine's total sentence after resentencing.  Under the aggregate approach, McClaine's new sentence is not considered more severe; his argument that his new sentence is vindictive is without merit.  See United States v. Campbell, 106 F.3d 64, 66 (5th Cir. 1997).

AFFIRMED.